UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CR-60137-LEIBOWITZ/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KATRIEL VICTOR MARMOL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable David S. Leibowitz, United States District Judge. DE 34. The Court held a hearing on August 20, 2025, to permit Defendant Katriel Victor Marmol to change his plea. Assistant United States Attorney M. Catherine Koontz appeared on behalf of the Government. Assistant Federal Public Defender Allari Dominguez appeared on behalf of Defendant, who was present.

    1.    The hearing was translated to Defendant by the Court's Spanish language interpreter. Defendant indicated that he was able to understand what was being said to him throughout the hearing.

    2.    The Court placed Defendant under oath for the hearing.

    3.    The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and

conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead. Defendant, his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

4. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

5. The parties have entered into a written Plea Agreement. DE 38. The Court reviewed the Plea Agreement on the record, and Defendant acknowledged signing the Plea Agreement after it was translated to him.

6. Defendant pled guilty to the single charge in the Information, using any facility and means of interstate commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years to engage in any sexual activity, in violation of 18 U.S.C. § 2422(b). DE 27.

7. The Court reviewed with Defendant the statutory maximum penalties and any minimum mandatory penalties applicable to the crime to which he pled guilty. Defendant acknowledged that he understood the penalties that apply in this case. The Court also advised Defendant of the possibility of his deportation after sentencing as an additional consequence of his guilty plea. Defendant acknowledged that he and his attorney have discussed his possible deportation.

8. The Plea Agreement contains an agreement by the Government to recommend a two-level reduction under the Sentencing Guidelines for acceptance of personal responsibility and,

if certain conditions are met, to move for an additional one-level reduction for assisting authorities. DE 38 at 3.  The Court explained to Defendant that recommendations agreed upon by the parties are not binding on the Probation Office or on the District Court, and Defendant may not withdraw his plea based upon the District Court's decision not to accept sentencing recommendations.

9. The Plea Agreement contains provisions explaining that Defendant will be required to register as a sex offender as a condition of supervised release.  *Id.* at 4–5.  The Court reviewed these provisions with Defendant.

10. The parties submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney.  DE 37.  The Assistant United States Attorney summarized the Factual Proffer for the record.  Defendant acknowledged that he signed the Factual Proffer after it was translated to him, understands it, and has had the opportunity to fully discuss it with his attorney.  Defendant agreed that the Factual Proffer is true and correct and accurately sets forth the facts in his case as he understands them to be.  Having reviewed the Factual Proffer, the Court finds that it sets forth each of the essential elements of the crime to which Defendant pled guilty.

11. Based on the foregoing and the plea colloquy, the Court finds that Defendant pled guilty freely, knowingly, and voluntarily.  The Court accepts the guilty plea.

12. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's guilty plea to using any facility and means of interstate commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years to engage in any sexual activity, in violation of 18 U.S.C. § 2422(b).  The Court recommends that the District Court

adjudicate Defendant guilty of that crime and conduct a sentencing hearing for final disposition of this case.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with Judge Leibowitz. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 21st day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE